————o————

No. 3408.

(Court of Appeal, Parish of Orleans.)

JEFFERSON D. McGUIGIN vs THOMAS J. BOYLE.

1. When parties have deliberately put their engagements into writing in such terms as impart a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the par-

164

ties, and the manner and the extent of their undertaking was reduced to writing ; and all oral testimony of previous colloquium between the parties, or of conversation, or declarations at the time when it was completed or afterwards, is inadmissible.

2. Chandeliers placed in a dwelling house by the owner thereof, are movables, though in order to be made use of they have to be connected with pipes which are themselves considered immovables by destination.

Appeal from Civil District Court, Division "D."

McCloskey and Benedict and J. J. McCloskey, Plaintiff and Appellee.

R. J. Maloney Defendant and Appellant.

MOORE, J. Plaintiff sought by this action to recover of defendant two six-light chandeliers and twelve Welshback lights, or in default of the return of the property for Judgment for their value which is alleged to be $130.00. The petition alleges that these articles were placed by him in a certain building which he had sold to defendant but that they unscrewed from their fastenings and formed no part of the realty sold.

The answer is "that at the time of the purchase of the immovables, the said plaintiff had agreed that the chandeliers contained in the premises should go with the house and were considered a part of the immovables. Further answering, defendant says that he had informed plaintfff that if the chandeliers were not a part of the premises and were not to remain in the house, that the act of sale would not have been consummated, and that the plaintiff was fully aware of these conditions."

There was Judgment for plaintiff as prayed for and the defendant appeals. The facts are that prior to and at the time of the passage of the act of sale of the immovable property it was understood and agreed that the chandeliers in the premises should go with the house and be included in the purchase price.

The act of sale, however, does not recite that fact. It describes the thing sold as "a certain lot of ground with all the buildings thereon, situated in the Fourth District of this City,. in the square No. 2 bounded by Felicity, Prytania, Coliseum and St. Mary streets." The agreement as to the chandeliers was shown by parol received over the objection of plaintiff's counsel: After hearing all the evidence the Court reversed its ruling saying:

"The court will have to reverse its former ruling.. On the reading of the answer, the Court understood that the transaction con-

165

cerning the chandeliers had been made subsequent to the time of the sale; but after hearing the evidence, I find that the transaction was made before the sale was actually made. Therefore, the objection to the effect, that no parol evidence can be introduced to vary or alter the terms of a written document is good and the evidence is therefore excluded."

To this ruling the defendant reserved his bill of exception.

Inasmuch as chandeliers and brackets placed in the house by the owner of the premises are movables and not immovables by destination, 51 A. 780, they do not pass with the sale of the immovables; so that if it be not stated in the act of sale that they are included in the transfer parol evidence may not be introduced to show that it was the intention of the parties to include them, for in that event the evidence would be necessarily aginst or beyond what is contained in the act. This would be in the teeth of Art. 2276 C. C. to the effect that "Neither shall parol evidence be admitted against or beyond what is contained in the acts nor on what may have been said before, or at the time of making them, or since." Mr. Greenleaf in his admirable work on evidence states the rule of evidence, which would apply here even if our own statutes were silent on the subject thus:

"When parties have deliberately put their engagements into writing in such terms as impart a legal obligation without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation, or declarations, at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, parol contemporaneous evidence is inadmissible to contradict or vary the terms af a valid written instrument."

Greenleaf on Evidence P. 372.

The learned counsel for the defendant argues that forasmuch as the parol evidence was not intended to, and could not affect the sale of the realty that there was consequently no varying or altering of the act. The answer to this is that the evidence certainly sought to *include* in the act of sale something in *addition* to what the act recites was sold; and also to show something that was said before or at the time of making which is not recited in the act. These both the article of the Code, *supra*, and the well established & recognized rule of evidence forbid.

Put the converse of the instant case. If under the law chandeliers were considered, a part of the realty and thus passed with the sale of the latter would parol evidence be admitted to show that at

166

the confection of the act it was agreed that that part of the realty should not pass with the act? Assuredly not?

It is also argued that if the chandeliers are considered as movables and did not pass with the sale of the immovables that then no written instrument of sale was necessary to convey them and their sale could then be shown by parol.

If the defendant was claiming the chandeliers under a separate, independent and distinct purchase of them, independent of and in no manner connected with the sale of the immovable and for a separate and distinct and fixed price not included in the price fixed by the act of sale in the instant case, then an entirely different question would be presented. But such is not the fact.

The answer sustained by the evidence, is, "that at the time of the purchase of the immovables the said plaintiff had agreed that the chandeliers contained in the premises should go with the house and were considered a part of the immovables."

It is also contended that, it is not shown that the chandeliers could be unscrewed from their fastenings. The answer to this is two-fold:

First, in Lhote & Co. vs Fulham 51 A. 787 the Court lays it down as a general proposition applicable to all cases concerning the movability of chandeliers that:

"Chandeliers and brackets so far from being attached to gas pipes and to the walls of buildings, with reference to their remaining there permanently are prepared with direct reference to facility of detachment, and removal" adding:

"We think that jurisprudence generally recognizes that chandeliers, placed in a dwelling house by the owner thereof, are movables, though in order to be made use of they have to be connected with pipes which are themselves considered immovable by destination."

And secondly, the evidence shows that they could be unscrewed.

To the question propounded to him by his counsel viz:

"The two chandeliers in said house were attached to the premises?" the plaintiff answered "They unscrewed."

The judgment appealed from must be affirmed and it is.

April 4th. 1904.

Rehearing refused May 2, 1904.